IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　)
　　　　vs.　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　) CRIMINAL NO.:
MANUEL ERAZO ALVARADO,　　　　　　 ) 1:20-cr-000311-SAG
　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　)
_____)


Baltimore, Maryland
March 27, 2023
10:00 a.m.

TRANSCRIPT OF PROCEEDINGS
**INITIAL APPEARANCE, ARRAIGNMENT and SENTENCING HEARING**
BEFORE THE HONORABLE STEPHANIE A. GALLAGHER
Courtroom 7C


For the Government:

　　　ANATOLY SMOLKIN, Esquire
　　　　Office of the United States Attorney
　　　　36 South Charles Street, 4th Floor
　　　　Baltimore, MD 21201


For the Defendant:

　　　JOSEPH A. BALTER, Esquire
　　　　Law Office of Joseph A. Balter, LLC
　　　　Mt. Washington Mill
　　　　1340 Smith Avenue, Suite 200
　　　　Baltimore, MD 21209



Also Present:  Paige Cameron, U.S. Probation Office
　　　Interpreters Lois Weaver and Michael Zogby


　　　(Computer-aided transcription of stenotype notes)

P R O C E E D I N G S

1    (10:03 a.m.)

2        THE COURT:  Good morning.  Please be seated.

3    Are we going to hear the Spanish translation?

4        THE CLERK:  Your Honor, I muted the microphone

5    directly in front of the interpreter.

6        THE COURT:  Maybe that will help.  The first thing we

7    should do then is swear the interpreters.

8        THE CLERK:  Stand and raise your right hand.

9    (Interpreters sworn.)

10       THE CLERK:  If you could please state your names.

11       INTERPRETER WEAVER:  Lois Weaver.

12       INTERPRETER ZOGBY:  Michael Zogby.

13       THE COURT:  Good morning to both of you.

14       THE INTERPRETERS:  Good morning, Your Honor.

15       THE COURT:  Mr. Smolkin, can you call the case,

16   please.

17       MR. SMOLKIN:  Yes, good morning, Your Honor.  Calling

18   United States of America versus Manuel Erazo Alvarado, criminal

19   number SAG-20-0311.  Anatoly Smolkin on behalf of the United

20   States.

21       We're here this morning for an initial appearance,

22   arraignment, and to be followed by a sentencing on a

23   superseding and criminal information.

24       THE COURT:  Thank you.

1    (Off-the-record discussion about audio.)

2         THE COURT:  Mr. Balter, good morning.

3         MR. BALTER:  Good morning, Your Honor.  Joseph Balter

4    on behalf of Manuel Erazo-Alvarado.

5         THE COURT:  All right.  At this stage,

6    Mr. Erazo-Alvarado, the clerk will place you under oath and ask

7    you some preliminary questions.

8         THE CLERK:  If you can stand and raise your right

9    hand for me, please.

10    (Defendant sworn.)

11         THE COURT:  You may put your hand down.

12         THE CLERK:  Could you please state your name for the

13    record.

14         THE DEFENDANT:  Manuel Antonio Erazo-Alvarado.

15         THE CLERK:  What is your age today?

16         THE DEFENDANT:  I think it's 45.

17         THE CLERK:  What is the year of your birth?

18         THE DEFENDANT:  '78.

19         THE CLERK:  Have you read the superseding

20    information, or has the substance of the charge been explained

21    to you?

22         THE DEFENDANT:  Yes, they explained them to me.

23         THE CLERK:  Do you understand the charge placed

24    against you?

25         THE DEFENDANT:  Yes, but it's not very clear because

1    I've already been sentenced twice for the same charge.

2            THE COURT:  Do you want to take a moment and speak

3    with your client?

4            MR. BALTER:  Yes.

5        (Defendant conferred with his counsel.)

6            MR. BALTER:  Your Honor, I believe we're ready to go

7    forward.

8            THE COURT:  All right.  I think we were continuing to

9    ask your client whether he understood the charges against him.

10       Sir, do you understand the charges placed against you?

11           THE DEFENDANT:  Yes.

12           THE CLERK:  Mr. Balter, as counsel for the defendant,

13   are you satisfied that your client understands that charge?

14           MR. BALTER:  Yes.

15           THE CLERK:  Mr. Alvarado, how do you wish to plead to

16   Count 1 of the superseding information?

17           THE DEFENDANT:  Which is Count 1?

18           THE CLERK:  Count 1 is possession of a firearm in

19   furtherance of a drug trafficking.

20           THE DEFENDANT:  Yes, I had a weapon in my home.

21           THE CLERK:  Your plea is guilty as to Count 1; is

22   that correct?

23           THE DEFENDANT:  Yes.

24           THE CLERK:  Thank you.

25           THE COURT:  You may be seated, Mr. Erazo-Alvarado.

The first thing I need to do is address an issue with the
Government that I don't think was done at Mr. Erazo-Alvarado's
initial appearance.  This is a reminder to the Government that
it must adhere to the disclosure obligations set forth in *Brady
v. Maryland* and its progeny.  If the Government fails to adhere
to those requirements and to produce exculpatory evidence in a
timely manner, it may result in serious consequences,
including, but not limited to, the exclusion of evidence,
adverse jury instructions, dismissal of charges, contempt
proceedings, vacating a conviction, or disciplinary action
against the prosecution.

Mr. Smolkin, has all exculpatory evidence been produced to
the defendant in this case?

MR. SMOLKIN:  Yes, Your Honor.

THE COURT:  All right.  I will sign an order
memorializing that discussion.

Next with respect to the charge in this matter,
Mr. Erazo-Alvarado at this point is charged by way of criminal
information instead of an indictment, and he would have the
right to have this charge presented to the grand jury for
indictment rather than proceed by information.  Have you
discussed this with your client, Mr. Balter?

MR. BALTER:  I have, Your Honor.

THE COURT:  All right.  Mr. Erazo-Alvarado, I have a
waiver of indictment here that you signed indicating that you

1    wish to proceed today by way of the criminal information.  Is

2    that correct?

3                THE DEFENDANT:  Yes.

4                THE COURT:  Now I just need to ask you some

5    additional questions just to make sure you understand

6    everything that's happening here today.  Okay?

7                THE DEFENDANT:  Yes.

8                THE COURT:  Do you understand that you're now under

9    oath and that if you answer any of my questions falsely, your

10   answers could be used against you in another prosecution for

11   perjury or false statement?

12               THE DEFENDANT:  Yes.

13               THE COURT:  If you are not a United States citizen,

14   have you discussed the possible immigration consequences of a

15   guilty plea with your attorney?

16               THE DEFENDANT:  Yes.

17               THE COURT:  Do you understand that your plea of

18   guilty may affect your residency or your status with the

19   immigration authorities, including the possibility of

20   deportation and removal from the United States?

21               THE DEFENDANT:  Yes.

22               THE COURT:  How far did you go in school?

23               THE DEFENDANT:  Two years.

24               THE COURT:  Two years in total?

25               THE DEFENDANT:  Yes.

1          THE COURT:  Are you able to read and write in

2   Spanish?

3          THE DEFENDANT:  Yes.

4          THE COURT:  You are not able to read or write in

5   English; is that correct?

6          THE DEFENDANT:  No.

7          THE COURT:  Have all of the documents and papers in

8   this case been read to you or explained by a translator?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Have you been able to understand

11   everything?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Have you been treated recently for any

14   mental illness or addiction to narcotic drugs of any kind?

15          THE DEFENDANT:  No.

16          THE COURT:  Are you currently under the influence of

17   any drug or medication or alcoholic beverage?

18          THE DEFENDANT:  No.

19          THE COURT:  Is there anything at all making it

20   difficult for you to understand the proceedings so far today?

21          THE DEFENDANT:  No.

22          THE COURT:  I have in front of me a plea agreement.

23   It's dated February 21st of 2023, and it's a letter addressed

24   to your attorney from Mr. Smolkin.  Is this your signature on

25   page 9 dated March 2nd, 2023?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Just above your signature it says, "I

3    have read this agreement, including the Sealed Supplement, and

4    carefully reviewed every part of it with my attorney.  I

5    understand it and I voluntarily agree to it.  Specifically, I

6    have reviewed the factual and advisory guideline stipulation

7    with my attorney, and I do not wish to change any part of it.

8    I am completely satisfied with the representation of my

9    attorney."

10        Is all of that true and correct?

11             THE DEFENDANT:  Yes.

12             THE COURT:  I'm not going to read the whole letter

13   word for word, but I do want to review the most important terms

14   in some detail.

15        You are charged in a superseding information with the

16   possession of a firearm in furtherance of a drug trafficking

17   crime in violation of 18 United States Code § 924(c).  To prove

18   that charge, the Government would have to establish that on or

19   about November 10, 2017, in the District of Maryland, you

20   committed a drug trafficking crime, specifically possession

21   with intent to distribute a controlled substance; that you

22   possessed a firearm and that your possession of the firearm was

23   in furtherance of the drug trafficking crime.

24        Do you understand that?

25             THE DEFENDANT:  Yes.

THE COURT:  Now the maximum penalty for the offense
is life in prison with a mandatory minimum five-year sentence,
a $250,000 fine and up to five years of supervised release,
plus a $100 special assessment which will be due and should be
paid at or before the time of sentencing.

Do you understand that that is the maximum penalty you
could face?

THE DEFENDANT:  Yes.

THE COURT:  I mentioned supervised release.
Supervised release is a period following any term of
imprisonment during which you would be supervised by the United
States Probation Office and would have to comply with
conditions set by the Court.  If you violate those conditions,
the Court can order you returned to custody to serve a term of
imprisonment, and then that can be followed by an additional
term of supervised release.

Do you understand how that works?

THE DEFENDANT:  Yes.

THE COURT:  I next want to go over some of the rights
you are giving up by pleading guilty.  If you had persisted in
pleading not guilty, you would have had the right to a speedy
jury trial with the assistance of your attorney.  That trial
could be conducted by a judge without a jury if you, the
Government, and the Court had all agreed.  But if you had
elected a jury trial, the jury would be composed of 12

1     individuals selected from the community.  You and your attorney

2     would have had the opportunity to challenge specific jurors who

3     you believed demonstrated bias or were unqualified and to

4     strike other jurors who did you not want to have seated.

5           All 12 jurors would have to agree unanimously before you

6     could be found guilty.  The Court would instruct the jury that

7     you were presumed to be innocent, and the Government would have

8     to prove your guilt beyond a reasonable doubt.  Therefore, it

9     is the Government that would bear the burden of proof at your

10    trial.

11          You would have the right to confront and cross-examine the

12    Government's witnesses, and you would not have to present any

13    defense witnesses or evidence at all.  But if you wished to

14    call witnesses to testify, the Court could subpoena or compel

15    witnesses to come to your trial and testify on your behalf.

16          You would have the right to testify in your own defense if

17    you wished to do so or to choose not to testify.  If you chose

18    not to testify, the Court would instruct the jury that it could

19    not draw any adverse inference from your decision not to

20    testify.

21          If you are found guilty after a trial, you would have the

22    right to appeal the verdict and to appeal any of my pretrial or

23    trial decisions about what evidence could be admitted to see if

24    I had committed any errors which might require a new trial or

25    dismissal of the charges.

1  By pleading guilty, you give up all of these rights except

2  your right to appeal the sentence I impose.  There will be no

3  further trial or proceeding of any kind, and I will find you

4  guilty.

5  By pleading guilty, you may also be giving up valuable

6  civil rights and, as I mentioned, may be subject to deportation

7  and other loss of immigration status.  You also may be

8  ineligible for other federal and state benefits.

9  Do you understand that by pleading guilty, you're giving

10  up all of these rights?

11  THE DEFENDANT:  Yes.

12  THE COURT:  Do you understand that the Court has to

13  calculate a sentencing guideline range for your case and

14  consider those guidelines when I determine the appropriate

15  sentence?

16  THE DEFENDANT:  Yes.

17  THE COURT:  Now in this case, you and the Government

18  have agreed that the guideline sentence is the minimum term of

19  imprisonment for this offense pursuant to guideline 2K2.4(b).

20  The Government agrees that you're entitled to a two-level

21  reduction for acceptance of responsibility and, in fact, will

22  make a motion for a third level reduction, although those

23  levels don't really make a difference in this case because of

24  the way the guidelines are calculated.

25  Do you understand how the guidelines work in this case?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Now there's no specific agreement as to

3    your criminal history.  The parties have agreed that there are

4    no other offense characteristics, sentencing guideline factors,

5    or departures or adjustments in dispute.

6          Now this is a plea pursuant to Rule 11(c)(1)(C), and the

7    parties have agreed that a sentence of 60 months in the custody

8    of the Bureau of Prisons is the appropriate disposition of the

9    case, although the Court would be free to impose any lawful

10   term of supervised release or fine.

11         I can choose to accept or reject the parties' agreed

12   sentence but if I were to reject the agreement, either you or

13   the Government would be free to withdraw from the agreement and

14   you would be permitted to withdraw your plea.

15         Do you understand how that works?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Now at the time of your sentencing, which

18   will likely be in a few minutes, both parties will recommend

19   that sentence, and the Government will move to dismiss the

20   other counts against you.

21         Now according to your plea agreement, you are waiving your

22   right to appeal your conviction on any ground whatsoever, and

23   you and the Government are also waiving your right to appeal

24   the sentence imposed unless that sentence were to be something

25   other than 60 months of incarceration.

1          Do you understand that you're waiving almost all of your

2     appellate rights?

3                THE DEFENDANT:  Yes.

4                THE COURT:  And you're also waiving your rights under

5     the Freedom of Information Act to request information about the

6     investigation or prosecution of this offense.  Do you

7     understand that as well?

8                THE DEFENDANT:  Yes.

9                THE COURT:  Now backing up a little bit, there's a

10    factual stipulation that's associated with this plea.  I'm

11    going to ask Mr. Smolkin to read or summarize the factual

12    stipulation that the Government believes is sufficient to

13    establish the elements of the offense.  Then I will ask

14    Mr. Balter if he agrees that the facts are sufficient and then

15    I will ask you, Mr. Erazo-Alvarado, if you are admitting that

16    these facts are true.  So please listen carefully.

17         Mr. Smolkin.

18                MR. SMOLKIN:  Yes, Your Honor.  The parties stipulate

19    and agree that had this case proceeded to trial, the Government

20    would have proven the following facts beyond a reasonable

21    doubt:

22         On November 10, 2017, the Annapolis Police Department

23    obtained a state search and seizure warrant for 6 Melrob Court

24    Apartment 3, Annapolis, Maryland.  The warrant authorized

25    investigators to search for evidence of drug trafficking,

including firearms.  On November 10, 2017, members of law
enforcement executed the search and seizure warrant.  Part of
the search warrant execution was captured on body-worn cameras.

Law enforcement found the defendant, Manuel
Erazo-Alvarado, hiding in between the mattress and the box
spring of a bed.  From under the bed where the defendant hid,
investigators found a 9mm Taurus, Model PT92, semiautomatic
handgun, serial number THA11335.  The gun was loaded with 15
rounds of ammunition.  A query of the gun revealed that it had
been reported stolen in North Carolina.

Detectives seized several cellular telephones from the
same bedroom, and the defendant said the phones belonged to
him.  Detectives also seized a notebook from the bedroom where
they found the defendant.  The notebook contained evidence of
the defendant's distribution of marijuana.

In the apartment, investigators read the defendant his
Miranda warnings.  Thereafter, the defendant stated he
understood his rights and agreed to speak with police without
the presence of an attorney.  The defendant told the police in
substance that the gun and ammunition belonged to him.

The defendant was then taken to the Annapolis Police
Department Police Station.  There a task force officer with the
FBI and two other members of law enforcement interviewed the
defendant.  Before the interview, the investigators asked the
defendant if he was previously read his Miranda warnings and if

he understood those warnings.  The defendant said yes and
agreed to speak with the investigators without the presence of
an attorney.

     The interview was recorded and conducted in both Spanish
and English.  Investigators asked the defendant whether he had
a nickname, and the defendant responded that his nickname was
Castigo which means "the punisher."

     Investigators showed the defendant the ledger that was
recovered pursuant to the search warrant.  The defendant
admitted that the ledger was his and that it contained evidence
of his marijuana distribution.  To wit, the numbers listed were
the amounts of marijuana that were supposed to be sold
weekly.

     The defendant said he obtained his marijuana in Annapolis
and sold about two ounces of marijuana each week.  During the
interview, the defendant said he bought the gun for $450.  He
said he had the gun for protection.

     The defendant stipulates and agrees that he possessed with
the intent to distribute marijuana and that he possessed the
above-referenced loaded firearm in furtherance of that
possession with the intent to distribute marijuana.

     All events occurred in the District of Maryland unless
otherwise specified.

               THE COURT:  Okay.  Mr. Balter, do you agree that
those facts are sufficient to establish the elements of the

1    offense?

2            MR. BALTER:  Yes, Your Honor.

3            THE COURT:  Any additions, deletions or corrections?

4            MR. BALTER:  No, Your Honor.

5            THE COURT:  All right.  Mr. Erazo-Alvarado, do you

6    agree that those facts are true?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Do you agree then that you're, in fact,

9    guilty of the crime charged in the criminal information?

10           THE DEFENDANT:  Yes.

11           THE COURT:  All right.  Turning back to the other

12   provisions of the plea agreement, you agree to assist the

13   government in the forfeiture of the 9mm Taurus, Model PT92,

14   semiautomatic handgun, with serial number THA11335, and 15

15   rounds of ammunition seized in connection with this case.  You

16   consent to the entry of the orders of forfeiture, will assist

17   in their entry, and will not challenge them.

18       Do you understand that?

19           THE DEFENDANT:  Yes.

20           THE COURT:  You agree that you will not engage in

21   obstruction of justice or violate any federal, state or local

22   law; that you will acknowledge your guilt to the probation

23   officer and the Court and be truthful in your interactions with

24   them; will cooperate in the preparation of a presentence

25   report; and will not move to withdraw from your plea.  If you

1   do any of those things, the Government may be free of its

2   obligations under the plea agreement.

3        Do you understand that?

4             THE DEFENDANT:  Yes.

5             THE COURT:  Now other than what's in your plea letter

6   and the matters we've talked about this morning, have any other

7   promises been made to you to convince you to plead guilty?

8             THE DEFENDANT:  No.

9             THE COURT:  Has anyone threatened you or threatened

10  someone close to you to convince you to plead guilty?

11            THE DEFENDANT:  No.

12            THE COURT:  Mr. Balter, were all of the formal plea

13  offers made by the Government conveyed to your client?

14            MR. BALTER:  Yes.

15            THE COURT:  Mr. Erazo-Alvarado, about how many times

16  would you say you've spoken to Mr. Balter about your decision

17  to plead guilty?

18            THE DEFENDANT:  Several.

19            THE COURT:  Did he answer any questions that you had

20  about your decision?

21            THE DEFENDANT:  Yes.

22            THE COURT:  Do you feel that he provided you with

23  enough time to discuss it with him?

24            THE DEFENDANT:  Yes.

25            THE COURT:  Are you satisfied with the job that

1   Mr. Balter has done on your behalf?

2           THE DEFENDANT:  Yes.

3           THE COURT:  And is it still your desire to plead

4   guilty in this case?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Counsel, have I missed anything?

7           MR. SMOLKIN:  No, Your Honor.

8           MR. BALTER:  No, Your Honor.

9           THE COURT:  All right.  It is therefore the finding

10  of the Court in the case of the United States versus Manuel

11  Erazo-Alvarado, that the defendant is fully competent and

12  capable of entering an informed plea; that he is aware of the

13  nature of the charges and the consequences of the plea; and

14  that the plea of guilty is a knowing and voluntary plea,

15  supported by an independent basis in fact, containing each of

16  the essential elements of the offense.  The plea is therefore

17  accepted, and the defendant is now adjudged guilty of the

18  charged offense.

19      Now I understand that both parties wish to proceed to the

20  sentencing today.  Is that correct?

21          MR. SMOLKIN:  Yes, Your Honor.

22          MR. BALTER:  Yes, Judge.

23          THE COURT:  Mr. Balter, does Mr. Erazo-Alvarado wish

24  to waive preparation of a presentence report?

25          MR. BALTER:  Yes.

1           THE COURT:  We're switching interpreters for a

2    moment.

3           INTERPRETER WEAVER:  Yes, Your Honor.

4           THE COURT:  Mr. Erazo-Alvarado, you understand you

5    would have the right to have a presentence report prepared, but

6    I understand you wish to waive it and instead proceed to

7    sentencing today.  Is that correct?

8           THE DEFENDANT:  I didn't hear that.

9           THE COURT:  Oh, should I repeat it?

10          THE DEFENDANT:  I heard it in English but I did not

11   hear it in Spanish.

12          THE COURT:  Why don't we wait and make sure we can

13   get it straightened out.

14          INTERPRETER ZOGBY:  Your Honor, I'm going to put a

15   little more volume in his.

16          THE COURT:  Sure.

17          INTERPRETER ZOGBY:  Thank you, Your Honor.

18          THE COURT:  All right.  I'll ask it again.

19   Mr. Erazo-Alvarado, you would have the right to have a

20   presentence report prepared, but I understand that you wish to

21   waive that right and proceed to sentencing today.  Is that

22   correct?

23          THE DEFENDANT:  Yes.

24          THE COURT:  And I do have the presentence report that

25   was prepared in your case back in 2019 so I have that as a

1   starting point.

2       All right.  We first have to do again the calculations

3   under the sentencing guidelines.  As I said a few moments ago,

4   the guideline range in this case is simply the 60-month

5   mandatory minimum sentence pursuant to guideline 2K2.4(b).

6       The Government does agree to a two-level reduction for

7   acceptance of responsibility and I understand, Mr. Smolkin,

8   that you make a motion for a third level?

9           MR. SMOLKIN:  Yes, Your Honor.

10          THE COURT:  That will be granted, although it doesn't

11  really affect the guidelines here.

12      Turning to criminal history, looking at

13  Mr. Erazo-Alvarado's presentence report from his 2019 case, he

14  would receive two points for a driving under the influence in

15  2009, three points for a 2019 conviction for illegal reentry.

16  I wasn't certain about the three points for the 2017 conviction

17  for illegal firearm possession because it seems to arise out of

18  the same at least facts, although I understand they are

19  different charges.  Do the parties take a position -- again,

20  given the fact it's a C plea, it doesn't bear on the ultimate

21  sentence, but I want to make sure I'm calculating it

22  properly.

23          MR. SMOLKIN:  Your Honor, I think it is a different

24  charge and a different conviction, so I believe it should

25  count.  But I'm also happy for the Court to err on the side of

1  caution and exclude it from the Court's calculation given that

2  this is a C plea to the statutory minimum and because the other

3  3553(a) factors would justify the sentence.

4          THE COURT:  Mr. Balter?

5          MR. BALTER:  I don't think it counts.

6          THE COURT:  You don't think it counts, okay.  I tend

7  to agree with Mr. Balter's position.  I think -- and because

8  this offense took place before he was under supervision, I

9  don't think there's a two-level increase for being under

10 supervision at the time of the offense either.

11         MR. SMOLKIN:  I agree with that, Your Honor.

12         THE COURT:  Okay.  So I will say he has five criminal

13 history points based off the 2009 DUI and 2019 illegal reentry

14 conviction, and those five criminal history points would put

15 him in Criminal History Category III.

16      Does that sound right to you, Ms. Cameron?

17         PROBATION OFFICER:  Yes, it does, Your Honor.

18         THE COURT:  Again, as we've said though, the advisory

19 guideline range for this case is simply 60 months regardless of

20 criminal history category.

21     We next have to have a very brief sealed portion of this

22 proceeding as we have in every criminal case.  It does not

23 appear that there is anyone in the courtroom that would need to

24 be excluded, so we can proceed forward with the sealed portion.

25     **(Conference held on the sealed record.)**

1      **(It is the policy of this court that every guilty plea and**

2      **sentencing proceeding include a bench conference concerning**

3      **whether the defendant is or is not cooperating.)**

4              THE COURT:  We will resume the public portion of the

5      proceeding.

6          I assume, given the nature of this case, that there are no

7      victims who wish to address the Court; is that correct?

8              MR. SMOLKIN:  That's correct, Your Honor.

9              THE COURT:  Do you have a statement you would like to

10     make on behalf of the Government?

11             MR. SMOLKIN:  Yes, Your Honor, thank you.  Your

12     Honor, the Government believes that a sentence of 60 months as

13     agreed in the parties' C plea is sufficient, but not greater

14     than necessary, to achieve the purposes of sentencing in this

15     case.

16         Your Honor, as I outlined a few minutes ago with respect

17     to the stipulation of facts, this case involved the defendant

18     in possession of a loaded firearm.  That firearm was stolen

19     from North Carolina, and the defendant has acknowledged that he

20     possessed that firearm in furtherance of a drug trafficking

21     crime, namely, possession with intent to distribute

22     marijuana.

23         Your Honor, possession of a firearm in furtherance of drug

24     trafficking is serious and extremely dangerous.  And it's

25     particularly troubling in this case that the firearm was stolen

and that the defendant was actually prohibited from possessing
any firearm given his illegal status in the United States.  So,
Your Honor, the nature and circumstances of the offense
certainly support a sentence of 60 months' incarceration to
account for the seriousness of the crime.

Turning to the history and characteristics of the
defendant, Your Honor, the defendant is 44 years old.  He's
accumulated convictions for illegal reentry, illegal entry
before that, and for operating a motor vehicle under the
influence.  The defendant has been in custody since
November 10, 2017, based on the search warrant as described in
the stipulation of facts.  He sustained a state conviction in
connection with his possession of a firearm.  He also received
an illegal reentry conviction in this court and has been held
in pretrial custody in this case.

Your Honor, the defendant's criminal history, including
his prior federal convictions, suggest that a sufficiently
lengthy sentence should be imposed here, and I think that 60
months is a sentence that would account for the history and
characteristics of the defendant.

Finally, Your Honor, because the possession of a firearm
in furtherance of drug trafficking is a serious crime, the
sentence imposed should reflect the seriousness of the offense,
promote respect for law, provide just punishment, and afford
adequate deterrence both specifically to the defendant and

generally to others.  I think that 60 months, Your Honor, does accomplish all of those purposes.

For those reasons, unless the Court has any questions, the Government believes a sentence of 60 months' incarceration is sufficient but not greater than necessary.

THE COURT:  I just want to make sure I understand the chronology of what happened, especially with respect to the 2019.  Maybe I misunderstood but has he been detained constantly since 2017?

MR. SMOLKIN:  Yes, Your Honor.  First in state custody in connection with the illegal possession of a firearm conviction that is reflected in his PSR, and I believe either prior to his release or as he was being released, he was taken into federal custody -- actually I'm sorry, I believe first into immigration custody.  Then was charged in this court on the illegal reentry charge which was case number 19-73-JKB.

As that sentence was expiring, he was charged here with the present 924(c) offense.  He appeared in this court on that charge first on the criminal complaint on September 9, 2020.

THE COURT:  Okay.  For the purposes though of calculation of sentence here, is it September 9 of -- what date governs how long he has served in this particular case?

MR. SMOLKIN:  It would be September 9, 2020, his first appearance on this charge because all other time spent in custody was credited to other convictions.

1       THE COURT:  All right.  Thank you, that is helpful

2  for me to understand how things have transpired.

3       Mr. Balter, do you have a statement you would like to make

4  with respect to the appropriate sentence and also on this issue

5  of calculation of time to make sure we have an agreement?

6       MR. BALTER:  Yes.  Your Honor, with regard to the

7  calculation of time to begin with, I think that that's

8  accurate, that the initial appearance was on 9/9/20.  What I'm

9  not sure is at what specific point he was actually released

10  from the custody of the Bureau of Prisons on the prior sentence

11  and whether or not there was a gap between the two, between

12  that and the date when he actually had the initial appearance.

13  My guess is it wasn't long.

14       I believe that the date that the criminal complaint was

15  actually dated was, I believe, September 3rd.  Again, I don't

16  even know if that was coterminous.  I assume what happened was

17  as he was getting ready to be released, it was at that point

18  that the complaint was lodged as a detainer so it may just be a

19  couple of days.  That is the only uncertainty that I have with

20  regard to that.

21       THE COURT:  Does anyone have any records that

22  would allow us to confirm at this point?

23       MR. SMOLKIN:  Your Honor, standing here right now,

24  I'm not sure the exact day that his prior period of prison

25  sentence would have expired.  Perhaps in the judgment and

1  commitment order, the Court can indicate that he should be

2  given credit for time served from the expiration of his

3  sentence in case number JKB-19-73.

4         MR. BALTER:  The only other thing I could think of is

5  if Probation is able to confirm that actual date, then we could

6  just agree the Court would incorporate whatever that date is

7  into the judgment.

8         PROBATION OFFICER:  I have not had to do that before

9  because I can tell you when the other sentence started and the

10 amount of time, but I don't have access to the information for

11 good time.  I can try to communicate with BOP the best I can.

12 I can't promise that I can get that information quickly, but I

13 will do the best I can.

14        THE COURT:  Why don't we look into it at the end of

15 this proceeding.  I can reserve issuing the paperwork until we

16 at least get the answer of whether we can find out or not.  If

17 we get a date certain, great.  If not, I will put the

18 expiration of his sentence in 19-73, and the Bureau of Prisons

19 presumably can get the precise date.

20        MR. BALTER:  Very well.

21        THE COURT:  Is that acceptable to everyone?

22        MR. BALTER:  Yes.

23        MR. SMOLKIN:  Yes, Your Honor.

24        MR. BALTER:  Your Honor, I will just make a very

25 brief statement on behalf of Mr. Erazo-Alvarado.  First of all,

I join in the Government's recommendation for a sentence of 60 months' imprisonment on this charge.  Mr. Erazo-Alvarado is a 44-year-old man who is a native of Central America.  Like many Central Americans who immigrate to the U.S., he had a very tragic and chaotic life growing up.  Frankly, his family moved to the U.S. looking for a better life.

He was born into actually a civil war period in El Salvador.  He grew up in abject poverty in which his family was often hungry, and he suffered from various diseases and health problems arising from his malnourishment and the overall living conditions.

He continues to suffer from some of the medical issues that arose during his childhood.  I believe he still has headaches and stomachaches.  I know that during his time at CDF, he has suffered from various body aches, including some ongoing problems with his joints and his knees.  For all those reasons, I think there is substantial mitigation in this case.

With regard to the 3553(a) factors, I believe that this -- while this is a serious offense, the sentence of 60 months' imprisonment is significant and proportionate to the severity of the offense.  He is 44 years old.  He'll be close to 50 by the time he is released, and that indicates that there will be a low likelihood of recidivism.  This sentence of 60 months will serve as both deterrence to Mr. Erazo-Alvarado personally

1   as well as provide general deterrence, and it will protect the

2   public.

3        So for all those reasons, Your Honor, I would request

4   imposition of a sentence of 60 months' imprisonment.

5             THE COURT:  Thank you, Mr. Balter.

6        Mr. Erazo-Alvarado, you have an absolute right to address

7   the Court if you would like to before sentence is imposed.  You

8   are not required to speak or say anything at all, but if you

9   wish to speak, I'm eager to hear anything you would have to

10  say.

11            THE DEFENDANT:  No.

12            THE COURT:  That's fine.  All right.  After

13  calculating the guidelines and hearing from the attorneys, I

14  have to consider the factors that Congress set out at 18 United

15  States Code § 3553(a) to ensure that I impose a sentence

16  sufficient, but not greater than necessary, to comply with the

17  purposes of the sentencing statute.

18       First, looking at the history and characteristics of the

19  defendant, Mr. Erazo-Alvarado is 44 years old.  As his attorney

20  just told us, he was born in El Salvador and grew up in extreme

21  poverty.  He came to this country with his family and has

22  generally been a hard worker.  He is not, however, permitted to

23  be in this country legally and has accumulated a criminal

24  history that was discussed earlier as well.

25       This case, in terms of its nature and circumstances,

presents an offense where law enforcement found a loaded, stolen firearm and evidence of marijuana distribution in the defendant's bedroom.  Mr. Erazo-Alvarado is prohibited from possessing a firearm as a result of his illegal status in this country, and obviously anyone possessing a gun in furtherance of drug trafficking poses danger to the community.  This region has a significant culture of violence and gun violence in particular, so gun possession is obviously a serious issue that warrants a significant sentence.

I do need to look at deterrence, both general deterrence because we need people to understand that there are meaningful consequences for unlawful firearm possession in connection with drug trafficking and then also specific deterrence of Mr. Erazo-Alvarado.  I do need to look at the need to protect the public given the nature of the charged offense.

I need to consider any unwarranted sentencing disparities, although that is not an issue particularly in this case since the agreement comports with the mandatory minimum and the guidelines.

I need to consider the need to provide the defendant with training and/or treatment.  Mr. Balter, we haven't talked about either designation or any treatment request.  Is there anything in particular that your client would be seeking?  If you need a moment, that's fine.

(Defendant conferred with his counsel.)

1           MR. BALTER:  Your Honor, if we could ask for a

2    recommendation to the Schuylkill detention facility --

3    Correctional Institution.

4           THE COURT:  Okay.  Obviously the final decision is up

5    to the Bureau of Prisons, but I will make that recommendation

6    in the sentencing paperwork.

7           And I do need to consider the advice of the Federal

8    Sentencing Guidelines.  The guideline range, as I mentioned, is

9    60 months of incarceration which is the parties' agreed

10   sentence.

11          So I am going to accept the parties' plea agreement and

12   impose the sentence that they agreed to which is 60 months in

13   custody of the Bureau of Prisons.

14          I will impose a term of supervised release of five years.

15          Mr. Balter, have you reviewed the standard and mandatory

16   conditions with your client?

17          MR. BALTER:  Your Honor, I have not, but I believe

18   we're not going to be in a supervised release situation.

19          THE COURT:  Okay.  Does everyone agree with that?  It

20   seems safer to impose the period of supervised release in case

21   which is typically how I would proceed.

22          MR. SMOLKIN:  I think that's right, Your Honor, and I

23   think in the last case, one of the special conditions of

24   supervised release was that the defendant report to immigration

25   authorities at the conclusion of his sentence.

1          MR. BALTER:  No objection to that, Your Honor.

2          THE COURT:  Okay.

3          MR. SMOLKIN:  I think that would be the only

4    additional special condition from the Government's

5    perspective.

6          THE COURT:  Okay.  All right, I will impose that

7    special condition.  The same special condition,

8    Mr. Erazo-Alvarado, which is that you must report to

9    immigration authorities immediately upon your release from the

10   Bureau of Prisons' custody.

11       I actually do not have the standard and mandatory

12   conditions in front of me right now.  Do you have those?  His

13   old presentence report did not --

14         PROBATION OFFICER:  I should.

15         THE COURT:  What may be easier, unless there's an

16   objection, I could read them aloud from the bench, or I could

17   hand them down and the interpreter could go over them.

18   Whichever you would prefer.

19         MR. BALTER:  That would be fine, Your Honor.  I

20   believe I have... for some reason, what I have in the old

21   agreement only had recommended conditions.  It didn't have the

22   mandatory conditions.

23         THE COURT:  Right, they didn't have the standard and

24   mandatory.

25         PROBATION OFFICER:  Your Honor, I can pull them up on

1  my iPad in a moment.  That was the same thing I was looking at.

2  I can pull them up, just one second.

3          THE COURT:  Okay.  If you could share that with the

4  interpreter, the interpreter could review them.

5          PROBATION OFFICER:  Yes.

6      (Pause.)

7          INTERPRETER ZOGBY:  Sorry, Your Honor, I don't have

8  my glasses.

9          THE COURT:  No problem.

10      (Interpreter Weaver reads to defendant.)

11          THE COURT:  All right.  Do you understand those

12  conditions, Mr. Erazo-Alvarado?

13          THE DEFENDANT:  Yes.

14          THE COURT:  I am not going to impose a fine in this

15  case because I do not believe you have an ability to pay one.

16  There is no restitution.

17      I am signing an order of forfeiture, as I mentioned, for

18  the Taurus semiautomatic pistol and the ammunition that was

19  seized in this case.  Mr. Smolkin?

20          MR. SMOLKIN:  Your Honor, the Government has not yet

21  submitted a proposed order for the Court's consideration.  I

22  need to determine whether the firearm and ammunition have

23  already been forfeited by the state law enforcement

24  authorities.

25          THE COURT:  Okay.

1          MR. SMOLKIN:  If the Court would allow me 24 hours to

2     figure that out and if federal order of forfeiture is needed, I

3     will file by tomorrow morning.

4          THE COURT:  Okay.

5          MR. SMOLKIN:  Thank you, Your Honor.

6          THE COURT:  I will impose the $100 special assessment

7     that will be payable immediately.

8          Ultimately I am convinced that the agreed sentence in this

9     case is reasonable.  I hope, Mr. Erazo-Alvarado, that you will

10    take advantage of any support you receive in your incarceration

11    and will be a law-abiding individual when you are released so

12    that you don't have to spend any more time in jail.  I wish you

13    the best of luck, and I hope we will not see you in a courtroom

14    again.

15         You can appeal your conviction if you believe that your

16    guilty plea was somehow unlawful or involuntary or if there is

17    some other fundamental defect in the proceeding that was not

18    waived by your guilty plea.  You may also appeal your sentence

19    if you believe it is unlawful.  Before filing any appeal, you

20    and your lawyer should consider whether you waived any or all

21    of your appellate rights when you entered your plea agreement.

22    If you do wish to appeal, you must file your notice of appeal

23    within 14 days.

24         The defendant will remain detained pending commitment.  I

25    will sign the Judgment and Commitment Order and Statement of

1    Reasons to be filed with the Sentencing Commission and the

2    Bureau of Prisons.

3         Mr. Smolkin, are there charges to be dismissed?

4              MR. SMOLKIN:  Yes, Your Honor.  The criminal

5    complaint at ECF No. 1 and the indictment at ECF No. 12, the

6    Government moves to dismiss those charging documents at this

7    time.

8              THE COURT:  That will be granted.  Is there anything

9    else from the Government's perspective that we need to address

10   today?

11             MR. SMOLKIN:  No, Your Honor.  Thank you.

12             THE COURT:  Mr. Balter?

13             MR. BALTER:  No, Your Honor.  Thank you.

14             THE COURT:  All right.  Thank you and good luck,

15   Mr. Erazo-Alvarado.

16             THE CLERK:  All rise.  This Court stands in recess.

17        (Proceedings concluded at 11:06 a.m.)

18

19

20

21

22

23

24

25

CERTIFICATE OF OFFICIAL REPORTER

          I, Patricia G. Mitchell, Registered Merit Reporter,

Certified Realtime Reporter, in and for the United States

District Court for the District of Maryland, do hereby certify,

pursuant to 28 U.S.C. § 753, that the foregoing is a true and

correct transcript of the stenographically-reported proceedings

held in the above-entitled matter and the transcript page

format is in conformance with the regulations of the Judicial

Conference of the United States.

          Dated this 22nd day of April 2025.


*Patricia G. Mitchell*
_____
          Patricia G. Mitchell, RMR, CRR
          Federal Official Reporter

**< Dates > .**

**22nd day of April 2025.**
  35:10 .

**9/9/20.**  25:8 .

**February 21st of 2023,**  7:23 .

**March 27, 2023**  1:17 .

**March 2nd, 2023** 7:25 .

**November 10, 2017,**  8:19, 13:22,
  14:1, 23:11 .

**September**  25:15 .

**September 9 of**  24:21 .

**September 9, 2020,**  24:23 .

**September 9, 2020.**  24:19 .

**$100** 9:4, 33:6 .

**$250** 9:3 .

**$450** 15:16 .

.

**< 0 > .**

**0-cr-000311-sag** 1:10 .

**000** 9:3 .

**03** 2:2 .

**06** 34:17 .

.

**< 1 > .**

**1** 4:16, 4:17, 4:18, 4:21, 34:5 .

**10** 2:2 .

**10:00 a.m.** 1:18 .

**11** 34:17 .

**11(c)(1)(c** 12:6 .

**12** 9:25, 10:5, 34:5 .

**1340** 1:39 .

**14** 33:23 .

**15** 14:8, 16:14 .

**18** 8:17, 28:14 .

**19-73** 26:18 .

**19-73-JKB** 24:16 .

**1:** 1:10 .

.

**< 2 > .**

**200** 1:39 .

**2009** 20:15, 21:13 .

**2017** 20:16, 24:9 .

**2019** 19:25, 20:13, 20:15, 21:13,
  24:8 .

**21201** 1:31 .

**21209** 1:40 .

**24** 33:1 .

**28** 35:5 .

**2K2** 11:19, 20:5 .

.

**< 3 > .**

**3** 13:24 .

**3553(a** 21:3, 27:19, 28:15 .

**36** 1:30 .

**3rd** 25:15 .

.

**< 4 > .**

**4(b** 11:19, 20:5 .

**44** 23:7, 27:22, 28:19 .

**44-year-old** 27:3 .

**45** 3:16 .

**4th** 1:30 .

.

**< 5 > .**

**50** 27:22 .

.

**< 6 > .**

**6** 13:23 .

**60** 12:7, 12:25, 21:19, 22:12, 23:4,
  23:18, 24:1, 24:4, 27:1, 27:20,
  27:24, 28:4, 30:9, 30:12 .

**60-month** 20:4 .

.

**< 7 > .**

**753** 35:5 .

**78** 3:18 .

**7C** 1:23 .

.

**< 9 > .**

**9** 7:25 .

**924(c** 8:17, 24:18 .

**9mm** 14:7, 16:13 .

.

**< A > .**

**A.** 1:36, 1:37 .

**a.m.** 2:2, 34:17 .

**ability** 32:15 .

**abject** 27:8 .

**able** 7:1, 7:4, 7:10, 26:5 .

**above** 8:2 .

**above-entitled** 35:7 .

**above-referenced** 15:20 .

**absolute** 28:6 .

**accept** 12:11, 30:11 .

**acceptable** 26:21 .

**acceptance** 11:21, 20:7 .

**accepted** 18:17 .

**access** 29:10 .

**accomplish** 24:2 .

**according** 12:21 .

**account** 23:5, 23:19 .

**accumulated** 23:8, 28:23 .

**accurate** 25:8 .

**aches** 27:15 .

**achieve** 22:14 .

**acknowledge** 16:22 .

**acknowledged** 22:19 .

**Act** 13:5 .

**action** 5:10 .

**actual** 26:5 .

**actually** 23:1, 24:14, 25:9, 25:12,
  25:15, 27:7, 31:11 .

**addiction** 7:14 .

**additional** 6:5, 9:15, 31:4 .

**additions** 16:3 .

**address** 5:1, 22:7, 28:6, 34:9 .

**addressed** 7:23 .

**adequate** 23:25 .

**adhere** 5:4, 5:5 .

**adjudged** 18:17 .

**adjustments** 12:5 .

**admitted** 10:23, 15:10 .

**admitting** 13:15 .

**advantage** 33:10 .

**adverse** 5:9, 10:19 .

**advice** 30:7 .

**advisory** 8:6, 21:18 .

**affect** 6:18, 20:11 .

**afford** 23:24 .

**age** 3:15 .

**ago** 20:3, 22:16 .

**agree** 8:5, 10:5, 13:19, 15:24, 16:6,
  16:8, 16:12, 16:20, 20:6, 21:7,
  21:11, 26:6, 30:19 .

**agreed** 9:24, 11:18, 12:3, 12:7,
  12:11, 14:18, 15:2, 22:13, 30:9,
  30:12, 33:8 .

**agreement** 7:22, 8:3, 12:2, 12:12,
  12:13, 12:21, 16:12, 17:2, 25:5,
  29:18, 30:11, 31:21,

  33:21 .

**agrees** 11:20, 13:14, 15:18 .

**alcoholic** 7:17 .

**allow** 25:22, 33:1 .

**almost** 13:1 .

**aloud** 31:16 .

**already** 4:1, 32:23 .

**although** 11:22, 12:9, 20:10, 20:18,
  29:17 .

**Alvarado** 1:10, 2:19, 4:15 .

**America** 1:5, 2:19, 27:3 .

**Americans** 27:4 .

**ammunition** 14:9, 14:20, 16:15,
  32:18, 32:22 .

**amount** 26:10 .

**amounts** 15:12 .

**Anatoly** 1:28, 2:20 .

**and/or** 29:21 .

**Annapolis** 13:22, 13:24, 14:21,
  15:14 .

**answer** 6:9, 17:19, 26:16 .

**answers** 6:10 .

**Antonio** 3:14 .

**Apartment** 13:24, 14:16 .

**appeal** 10:22, 11:2, 12:22, 12:23,
  33:15, 33:18, 33:19,
  33:22 .

**appear** 21:23 .

**APPEARANCE** 1:21, 2:22, 5:3,
  24:24, 25:8, 25:12 .

**appeared** 24:18 .

**appellate** 13:2, 33:21 .

**appropriate** 11:14, 12:8,
  25:4 .

**arise** 20:17 .

**arising** 27:10 .

**arose** 27:13 .

**ARRAIGNMENT** 1:21, 2:23 .

**assessment** 9:4, 33:6 .

**assist** 16:12, 16:16 .

**assistance** 9:22 .

**associated** 13:10 .

**assume** 22:6, 25:16 .

**Attorney** 1:29, 6:15, 7:24, 8:4, 8:7,
  9:22, 10:1, 14:19, 15:3,
  28:19 .

**attorney.** 8:9 .

**attorneys** 28:13 .

**audio.** 3:1 .

**authorities** 6:19, 30:25, 31:9,

32:24 .
authorized 13:24 .
Avenue 1:39 .
aware 18:12 .
.
.
< B >.
back 16:11, 19:25 .
backing 13:9 .
Baltimore 1:16, 1:31, 1:40 .
based 21:13, 23:11 .
basis 18:15 .
bear 10:9, 20:20 .
bed 14:6 .
bedroom 14:12, 14:13, 29:3 .
begin 25:7 .
behalf 2:20, 3:4, 10:15, 18:1, 22:10, 26:25 .
believe 4:6, 20:24, 24:12, 24:14, 25:14, 25:15, 27:13, 27:19, 30:17, 31:20, 32:15, 33:15, 33:19 .
believed 10:3 .
believes 13:12, 22:12, 24:4 .
belonged 14:12, 14:20 .
bench 22:2, 31:16 .
benefits 11:8 .
best 26:11, 26:13, 33:13 .
better 27:6 .
beverage 7:17 .
beyond 10:8, 13:20 .
bias 10:3 .
birth 3:17 .
bit 13:9 .
body 27:15 .
body-worn 14:3 .
BOP 26:11 .
born 27:7, 28:20 .
bought 15:16 .
box 14:5 .
Brady 5:4 .
brief 21:21, 26:25 .
burden 10:9 .
Bureau 12:8, 25:10, 26:18, 30:5, 30:13, 31:10, 34:2 .
.
.
< C >.
C. 35:5 .
calculate 11:13 .

calculated 11:24 .
calculating 20:21, 28:13 .
calculation 21:1, 24:21, 25:5, 25:7 .
calculations 20:2 .
call 2:16, 10:14 .
Calling 2:18 .
cameras 14:3 .
Cameron 1:45, 21:16 .
capable 18:12 .
captured 14:3 .
carefully 8:4, 13:16 .
Carolina 14:10, 22:19 .
Castigo 15:7 .
Category 21:15, 21:20 .
caution 21:1 .
CDF 27:15 .
cellular 14:11 .
Central 27:3, 27:4 .
certain 20:16, 26:17 .
certainly 23:4 .
CERTIFICATE 35:1 .
Certified 35:3 .
certify 35:4 .
challenge 10:2, 16:17 .
change 8:7 .
chaotic 27:5 .
characteristics 12:4, 23:6, 23:20, 28:18 .
charge 3:20, 3:23, 4:1, 4:13, 5:17, 5:20, 8:18, 20:24, 24:16, 24:19, 24:24, 27:2 .
charged 5:18, 8:15, 16:9, 18:18, 24:15, 24:17, 29:15 .
charges 4:9, 4:10, 5:9, 10:25, 18:13, 20:19, 34:3 .
charging 34:6 .
Charles 1:30 .
childhood 27:13 .
choose 10:17, 12:11 .
chose 10:17 .
chronology 24:7 .
circumstances 23:3, 28:25 .
citizen 6:13 .
civil 11:6, 27:7 .
clear 3:25 .
CLERK 2:5, 2:9, 2:11, 3:6, 3:8, 3:12, 3:15, 3:17, 3:19, 3:23, 4:12, 4:15, 4:18, 4:21, 4:24, 34:16 .

client 4:3, 4:9, 4:13, 5:22, 17:13, 29:23, 30:16 .
close 17:10, 27:22 .
Code 8:17, 28:15 .
Commission 34:1 .
Commitment 26:1, 33:24, 33:25 .
committed 8:20, 10:24 .
communicate 26:11 .
community 10:1, 29:6 .
compel 10:14 .
competent 18:11 .
complaint 24:19, 25:14, 25:18, 34:5 .
completely 8:8 .
comply 9:12, 28:16 .
comports 29:18 .
composed 9:25 .
Computer-aided 1:49 .
concerning 22:2 .
concluded 34:17 .
conclusion 30:25 .
condition 31:4, 31:7 .
conditions 9:13, 27:11, 30:16, 30:23, 31:12, 31:21, 31:22, 32:12 .
conducted 9:23, 15:4 .
Conference 21:25, 22:2, 35:9 .
conferred 4:5, 29:25 .
confirm 25:22, 26:5 .
conformance 35:8 .
confront 10:11 .
Congress 28:14 .
connection 16:15, 23:13, 24:11, 29:12 .
consent 16:16 .
consequences 5:7, 6:14, 18:13, 29:12 .
consider 11:14, 28:14, 29:16, 29:20, 30:7, 33:20 .
consideration 32:21 .
constantly 24:9 .
contained 14:14, 15:10 .
containing 18:15 .
contempt 5:9 .
continues 27:12 .
continuing 4:8 .
controlled 8:21 .
conveyed 17:13 .

conviction 5:10, 12:22, 20:15, 20:16, 20:24, 21:14, 23:12, 23:14, 24:12, 33:15 .
convictions 23:8, 23:17, 24:25 .
convince 17:7, 17:10 .
convinced 33:8 .
cooperate 16:24 .
cooperating. 22:3 .
correct 4:22, 6:2, 7:5, 8:10, 18:20, 19:7, 19:22, 22:7, 22:8, 35:6 .
Correctional 30:3 .
corrections 16:3 .
coterminous 25:16 .
Counsel 4:12, 18:6 .
counsel. 4:5, 29:25 .
Count 4:16, 4:17, 4:18, 4:21, 20:25 .
country 28:21, 28:23, 29:5 .
counts 12:20, 21:5, 21:6 .
couple 25:19 .
Courtroom 1:23, 21:23, 33:13 .
credit 26:2 .
credited 24:25 .
crime 8:17, 8:20, 8:23, 16:9, 22:21, 23:5, 23:22 .
Criminal 1:9, 2:19, 2:24, 5:18, 6:1, 12:3, 16:9, 20:12, 21:12, 21:14, 21:15, 21:20, 21:22, 23:16, 24:19, 25:14, 28:23, 34:4 .
cross-examine 10:11 .
CRR 35:16 .
culture 29:7 .
currently 7:16 .
custody 9:14, 12:7, 23:10, 23:15, 24:11, 24:14, 24:15, 24:25, 25:10, 30:13, 31:10 .
.
< D >.
danger 29:6 .
dangerous 22:24 .
date 24:21, 25:12, 25:14, 26:5, 26:6, 26:17, 26:19 .
Dated 7:23, 7:25, 25:15, 35:10 .
day 25:24 .
days 25:19, 33:23 .

decision 10:19, 17:16, 17:20, 30:4 .
decisions 10:23 .
defect 33:17 .
defendant. 32:10 .
defense 10:13, 10:16 .
deletions 16:3 .
demonstrated 10:3 .
Department 13:22, 14:22 .
departures 12:5 .
deportation 6:20, 11:6 .
described 23:11 .
designation 29:22 .
desire 18:3 .
detail 8:14 .
detained 24:8, 33:24 .
detainer 25:18 .
Detectives 14:11, 14:13 .
detention 30:2 .
determine 11:14, 32:22 .
deterrence 23:25, 27:25, 28:1, 29:10, 29:13 .
difference 11:23 .
different 20:19, 20:23, 20:24 .
difficult 7:20 .
directly 2:6 .
disciplinary 5:10 .
disclosure 5:4 .
discuss 17:23 .
discussed 5:22, 6:14, 28:24 .
discussion 3:1, 5:16 .
diseases 27:9 .
dismiss 12:19, 34:6 .
dismissal 5:9, 10:25 .
dismissed 34:3 .
disparities 29:16 .
disposition 12:8 .
dispute 12:5 .
distribute 8:21, 15:19, 15:21, 22:21 .
distribution 14:15, 15:11, 29:2 .
District 1:1, 1:2, 8:19, 15:22, 35:4 .
DIVISION 1:3 .
documents 7:7, 34:6 .
done 5:2, 18:1 .
doubt 10:8, 13:21 .
down 3:11, 31:17 .
draw 10:19 .

driving 20:14 .
drug 4:19, 7:17, 8:16, 8:20, 8:23, 13:25, 22:20, 22:23, 23:22, 29:6, 29:13 .
drugs 7:14 .
due 9:4 .
DUI 21:13 .
During 9:11, 15:15, 27:13, 27:14 .

.

< E >.

eager 28:9 .
earlier 28:24 .
easier 31:15 .
ECF 34:5 .
either 12:12, 21:10, 24:12, 29:22 .
EI 27:7, 28:20 .
elected 9:25 .
elements 13:13, 15:25, 18:16 .
end 26:14 .
enforcement 14:2, 14:4, 14:23, 29:1, 32:23 .
engage 16:20 .
English 7:5, 15:5, 19:10 .
enough 17:23 .
ensure 28:15 .
entered 33:21 .
entering 18:12 .
entitled 11:20 .
entry 16:16, 16:17, 23:8 .
Erazo 1:10, 2:19 .
Erazo-alvarado 3:4, 3:6, 3:14, 4:25, 5:2, 5:18, 5:24, 13:15, 14:5, 16:5, 17:15, 18:11, 18:23, 19:4, 19:19, 20:13, 26:25, 27:2, 27:25, 28:6, 28:19, 29:3, 29:14, 31:8, 32:12, 33:9, 34:15 .
err 20:25 .
errors 10:24 .
especially 24:7 .
Esquire 1:28, 1:36 .
essential 18:16 .
establish 8:18, 13:13, 15:25 .
events 15:22 .
everyone 26:21, 30:19 .
everything 6:6, 7:11 .
evidence 5:6, 5:8, 5:12, 10:13, 10:23, 13:25, 14:14, 15:10,

29:2 .
exact 25:24 .
except 11:1 .
exclude 21:1 .
excluded 21:24 .
exclusion 5:8 .
exculpatory 5:6, 5:12 .
executed 14:2 .
execution 14:3 .
expiration 26:2, 26:18 .
expired 25:25 .
expiring 24:17 .
explained 3:20, 3:22, 7:8 .
extreme 28:20 .
extremely 22:24 .

.

< F >.

face 9:7 .
facility 30:2 .
fact 11:21, 16:8, 18:15, 20:20 .
factors 12:4, 21:3, 27:19, 28:14 .
facts 13:14, 13:16, 13:20, 15:25, 16:6, 20:18, 22:17, 23:12 .
factual 8:6, 13:10, 13:11 .
fails 5:5 .
false 6:11 .
falsely 6:9 .
family 27:5, 27:8, 28:21 .
far 6:22, 7:20 .
FBI 14:23 .
Federal 11:8, 16:21, 23:17, 24:14, 30:7, 33:2, 35:17 .
feel 17:22 .
few 12:18, 20:3, 22:16 .
figure 33:2 .
file 33:3, 33:22 .
filed 34:1 .
filing 33:19 .
final 30:4 .
Finally 23:21 .
find 11:3, 26:16 .
finding 18:9 .
fine 9:3, 12:10, 28:12, 29:24, 31:19, 32:14 .
firearm 4:18, 8:16, 8:22, 15:20, 20:17, 22:18, 22:20, 22:23, 22:25, 23:2, 23:13, 23:21, 24:11, 29:2, 29:4, 29:12,

32:22 .
firearms 14:1 .
First 2:7, 5:1, 20:2, 24:10, 24:14, 24:19, 24:24, 26:25, 28:18 .
five 9:3, 21:12, 21:14, 30:14 .
five-year 9:2 .
Floor 1:30 .
followed 2:23, 9:15 .
following 9:10, 13:20 .
force 14:22 .
foregoing 35:5 .
forfeited 32:23 .
forfeiture 16:13, 16:16, 32:17, 33:2 .
formal 17:12 .
format 35:8 .
forth 5:4 .
forward 4:7, 21:24 .
found 10:6, 10:21, 14:4, 14:7, 14:14, 29:1 .
Frankly 27:5 .
free 12:9, 12:13, 17:1 .
Freedom 13:5 .
front 2:6, 7:22, 31:12 .
fully 18:11 .
fundamental 33:17 .
furtherance 4:19, 8:16, 8:23, 15:20, 22:20, 22:23, 23:22, 29:5 .

.

.

< G >.

G. 35:2, 35:16 .
gap 25:11 .
general 28:1, 29:10 .
generally 24:1, 28:22 .
getting 25:17 .
give 11:1 .
given 20:20, 21:1, 22:6, 23:2, 26:2, 29:15 .
giving 9:20, 11:5, 11:9 .
glasses 32:8 .
Government 1:26, 5:2, 5:3, 5:5, 8:18, 9:24, 10:7, 10:9, 10:12, 11:17, 11:20, 12:13, 12:19, 12:23, 13:12, 13:19, 16:13, 17:1, 17:13, 20:6, 22:10, 22:12, 24:4, 27:1, 31:4, 32:20, 34:6, 34:9 .

governs 24:22 .
grand 5:20 .
granted 20:10, 34:8 .
great 26:17 .
greater 22:13, 24:5, 28:16 .
grew 27:8, 28:20 .
ground 12:22 .
growing 27:5 .
guess 25:13 .
guideline 8:6, 11:13, 11:18, 11:19, 12:4, 20:4, 20:5, 21:19, 30:8 .
Guidelines 11:14, 11:24, 11:25, 20:3, 20:11, 28:13, 29:19, 30:8 .
guilt 10:8, 16:22 .
guilty 4:21, 6:15, 6:18, 9:20, 9:21, 10:6, 10:21, 11:1, 11:4, 11:5, 11:9, 16:9, 17:7, 17:10, 17:17, 18:4, 18:14, 18:17, 22:1, 33:16, 33:18 .
gun 14:8, 14:9, 14:20, 15:16, 15:17, 29:5, 29:7, 29:8 .

< H > .
hand 2:9, 3:9, 3:11, 31:17 .
handgun 14:8, 16:14 .
happened 24:7, 25:16 .
happening 6:6 .
happy 20:25 .
hard 28:22 .
He'll 27:14 .
headaches 27:14 .
health 27:9 .
hear 2:4, 19:8, 19:11, 28:9 .
heard 19:10 .
HEARING 1:21, 28:13 .
held 21:25, 23:14, 35:7 .
help 2:7 .
helpful 25:1 .
hereby 35:4 .
hid 14:6 .
hiding 14:5 .
History 12:3, 20:12, 21:13, 21:14, 21:15, 21:20, 23:6, 23:16, 23:19, 28:18, 28:24 .
home 4:20 .
HONORABLE 1:22 .
hope 33:9, 33:13 .

hours 33:1 .
hungry 27:9 .

< I > .
Ill 21:15 .
illegal 20:15, 20:17, 21:13, 23:2, 23:8, 23:14, 24:11, 24:16, 29:4 .
illness 7:14 .
immediately 31:9, 33:7 .
immigrate 27:4 .
immigration 6:14, 6:19, 11:7, 24:15, 30:24, 31:9 .
important 8:13 .
impose 11:2, 12:9, 28:15, 30:12, 30:14, 30:20, 31:6, 32:14, 33:6 .
imposed 12:24, 23:18, 23:23, 28:7 .
imposition 28:4 .
imprisonment 9:11, 9:15, 11:19, 27:2, 27:21, 28:4 .
incarceration 12:25, 23:4, 24:4, 30:9, 33:10 .
include 22:2 .
including 5:8, 6:19, 8:3, 14:1, 23:16, 27:15 .
incorporate 26:6 .
increase 21:9 .
independent 18:15 .
indicate 26:1 .
indicates 27:23 .
indicating 5:25 .
indictment 5:19, 5:21, 5:25, 34:5 .
individual 33:11 .
individuals 10:1 .
ineligible 11:8 .
inference 10:19 .
influence 7:16, 20:14, 23:10 .
Information 2:24, 3:20, 4:16, 5:19, 5:21, 6:1, 8:15, 13:5, 16:9, 26:10, 26:12 .
informed 18:12 .
INITIAL 1:21, 2:22, 5:3, 25:8, 25:12 .
innocent 10:7 .
instead 5:19, 19:6 .
Institution 30:3 .

instruct 10:6, 10:18 .
instructions 5:9 .
intent 8:21, 15:19, 15:21, 22:21 .
interactions 16:23 .
Interpreter 2:6, 2:12, 2:13, 19:3, 19:14, 19:17, 31:17, 32:4, 32:7, 32:10 .
INTERPRETERS 1:46, 2:8, 2:10, 2:15, 19:1 .
interview 14:24, 15:4, 15:16 .
interviewed 14:23 .
investigation 13:6 .
Investigators 13:25, 14:7, 14:16, 14:24, 15:2, 15:5, 15:8 .
involuntary 33:16 .
involved 22:17 .
ipad 32:1 .
issue 5:1, 25:4, 29:8, 29:17 .
issues 27:12 .
issuing 26:15 .

< J > .
jail 33:12 .
JKB-19-73 26:3 .
job 17:25 .
join 27:1 .
joints 27:16 .
Joseph 1:36, 1:37, 3:3 .
Judge 9:23, 18:22 .
Judgment 25:25, 26:7, 33:25 .
Judicial 35:8 .
jurors 10:2, 10:4, 10:5 .
jury 5:9, 5:20, 9:22, 9:23, 9:25, 10:6, 10:18 .
justice 16:21 .
justify 21:3 .

< K > .
kind 7:14, 11:3 .
knees 27:16 .
knowing 18:14 .

< L > .
last 30:23 .
Law 1:37, 14:1, 14:4, 14:23, 16:22, 23:24, 29:1, 32:23 .

law-abiding 33:11 .
lawful 12:9 .
lawyer 33:20 .
least 20:18, 26:16 .
ledger 15:8, 15:10 .
legally 28:23 .
lengthy 23:18 .
letter 7:23, 8:12, 17:5 .
level 11:22, 20:8 .
levels 11:23 .
life 9:2, 27:5, 27:6 .
likelihood 27:24 .
likely 12:18 .
limited 5:8 .
listed 15:11 .
listen 13:16 .
little 13:9, 19:15 .
living 27:10 .
LLC 1:37 .
loaded 14:8, 15:20, 22:18, 29:1 .
local 16:21 .
lodged 25:18 .
Lois 1:46, 2:12 .
long 24:22, 25:13 .
look 26:14, 29:10, 29:14 .
looking 20:12, 27:6, 28:18, 32:1 .
loss 11:7 .
low 27:24 .
luck 33:13, 34:14 .

< M > .
malnourishment 27:10 .
man 27:3 .
mandatory 9:2, 20:5, 29:18, 30:15, 31:11, 31:22, 31:24 .
manner 5:7 .
Manuel 1:10, 2:19, 3:4, 3:14, 14:4, 18:10 .
marijuana 14:15, 15:11, 15:12, 15:14, 15:15, 15:19, 15:21, 22:22, 29:2 .
Maryland 1:2, 1:16, 5:5, 8:19, 13:24, 15:22, 35:4 .
matter 5:17, 35:7 .
matters 17:6 .
mattress 14:5 .
maximum 9:1, 9:6 .

**MD** 1:31, 1:40 .
**meaningful** 29:11 .
**means** 15:7 .
**medical** 27:12 .
**medication** 7:17 .
**Melrob** 13:23 .
**members** 14:1, 14:23 .
**memorializing** 5:16 .
**mental** 7:14 .
**mentioned** 9:9, 11:6, 30:8, 32:17 .
**Merit** 35:2 .
**Michael** 1:46, 2:13 .
**microphone** 2:5 .
**Mill** 1:38 .
**minimum** 9:2, 11:18, 20:5, 21:2, 29:18 .
**minutes** 12:18, 22:16 .
**Miranda** 14:17, 14:25 .
**missed** 18:6 .
**misunderstood** 24:8 .
**Mitchell** 35:2, 35:16 .
**mitigation** 27:17 .
**Model** 14:7, 16:13 .
**moment** 4:2, 19:2, 29:24, 32:1 .
**moments** 20:3 .
**months** 12:7, 12:25, 21:19, 22:12, 23:4, 23:19, 24:1, 24:4, 27:2, 27:20, 27:24, 28:4, 30:9, 30:12 .
**morning** 2:3, 2:14, 2:15, 2:18, 2:22, 3:2, 3:3, 17:6, 33:3 .
**motion** 11:22, 20:8 .
**motor** 23:9 .
**move** 12:19, 16:25 .
**moved** 27:5 .
**moves** 34:6 .
**Ms.** 21:16 .
**Mt** 1:38 .
**muted** 2:5 .
.
.
**< N >.**
**name** 3:12 .
**namely** 22:21 .
**names** 2:11 .
**narcotic** 7:14 .
**native** 27:3 .
**nature** 18:13, 22:6, 23:3, 28:25,

29:15 .
**necessary** 22:14, 24:5, 28:16 .
**need** 5:1, 6:4, 21:23, 29:10, 29:11, 29:14, 29:16, 29:20, 29:23, 30:7, 32:22, 34:9 .
**needed** 33:2 .
**new** 10:24 .
**Next** 5:17, 9:19, 21:21 .
**nickname** 15:6 .
**No.** 1:9, 34:5 .
**North** 14:10, 22:19 .
**NORTHERN** 1:3 .
**notebook** 14:13, 14:14 .
**notes** 1:49 .
**notice** 33:22 .
**number** 2:20, 14:8, 16:14, 24:16, 26:3 .
**numbers** 15:11 .
.
.
**< O >.**
**oath** 3:6, 6:9 .
**objection** 31:1, 31:16 .
**obligations** 5:4, 17:2 .
**obstruction** 16:21 .
**obtained** 13:23, 15:14 .
**Obviously** 29:5, 29:8, 30:4 .
**occurred** 15:22 .
**Off-the-record** 3:1 .
**offense** 9:1, 11:19, 12:4, 13:6, 13:13, 16:1, 18:16, 18:18, 21:8, 21:10, 23:3, 23:23, 24:18, 27:20, 27:22, 29:1, 29:15 .
**offers** 17:13 .
**Office** 1:29, 1:37, 1:45, 9:12 .
**OFFICER** 14:22, 16:23, 21:17, 26:8, 31:14, 31:25, 32:5 .
**Official** 35:1, 35:17 .
**often** 27:9 .
**Okay** 6:6, 15:24, 21:6, 21:12, 24:20, 30:4, 30:19, 31:2, 31:6, 32:3, 32:25, 33:4 .
**old** 23:7, 27:22, 28:19, 31:13, 31:20 .
**one** 30:23, 32:2, 32:15 .
**ongoing** 27:16 .
**operating** 23:9 .
**opportunity** 10:2 .
**Order** 5:15, 9:14, 26:1, 32:17,

32:21, 33:2, 33:25 .
**orders** 16:16 .
**others** 24:1 .
**otherwise** 15:23 .
**ounces** 15:15 .
**outlined** 22:16 .
**overall** 27:10 .
**own** 10:16 .
.
.
**< P >.**
**page** 7:25, 35:7 .
**paid** 9:5 .
**Paige** 1:45 .
**papers** 7:7 .
**paperwork** 26:15, 30:6 .
**Part** 8:4, 8:7, 14:2 .
**particular** 24:22, 29:8, 29:23 .
**particularly** 22:25, 29:17 .
**parties** 12:3, 12:7, 12:11, 12:18, 13:18, 18:19, 20:19, 22:13, 30:9, 30:11 .
**Patricia** 35:2, 35:16 .
**Pause.** 32:6 .
**pay** 32:15 .
**payable** 33:7 .
**penalty** 9:1, 9:6 .
**pending** 33:24 .
**people** 29:11 .
**Perhaps** 25:25 .
**period** 9:10, 25:24, 27:7, 30:20 .
**perjury** 6:11 .
**permitted** 12:14, 28:22 .
**persisted** 9:20 .
**personally** 27:25 .
**perspective** 31:5, 34:9 .
**phones** 14:12 .
**pistol** 32:18 .
**place** 3:6, 21:8 .
**placed** 3:23, 4:10 .
**Plaintiff** 1:7 .
**plea** 4:21, 6:15, 6:17, 7:22, 12:6, 12:14, 12:21, 13:10, 16:12, 16:25, 17:2, 17:5, 17:12, 18:12, 18:13, 18:14, 18:16, 20:20, 21:2, 22:1, 22:13, 30:11, 33:16, 33:18, 33:21 .
**plead** 4:15, 17:7, 17:10, 17:17, 18:3 .

**pleading** 9:20, 9:21, 11:1, 11:5, 11:9 .
**Please** 2:3, 2:11, 2:17, 3:9, 3:12, 13:16 .
**plus** 9:4 .
**point** 5:18, 20:1, 25:9, 25:17, 25:22 .
**points** 20:14, 20:15, 20:16, 21:13, 21:14 .
**Police** 13:22, 14:18, 14:19, 14:21, 14:22 .
**policy** 22:1 .
**portion** 21:21, 21:24, 22:4 .
**poses** 29:6 .
**position** 20:19, 21:7 .
**possessed** 8:22, 15:18, 15:19, 22:20 .
**possessing** 23:1, 29:4, 29:5 .
**possession** 4:18, 8:16, 8:20, 8:22, 15:21, 20:17, 22:18, 22:21, 22:23, 23:13, 23:21, 24:11, 29:8, 29:12 .
**possibility** 6:19 .
**possible** 6:14 .
**poverty** 27:8, 28:21 .
**precise** 26:19 .
**prefer** 31:18 .
**preliminary** 3:7 .
**preparation** 16:24, 18:24 .
**prepared** 19:5, 19:20, 19:25 .
**presence** 14:19, 15:2 .
**Present** 1:45, 10:12, 24:18 .
**presented** 5:20 .
**presentence** 16:24, 18:24, 19:5, 19:20, 19:24, 20:13, 31:13 .
**presents** 29:1 .
**presumably** 26:19 .
**presumed** 10:7 .
**pretrial** 10:22, 23:15 .
**previously** 14:25 .
**prior** 23:17, 24:13, 25:10, 25:24 .
**prison** 9:2, 25:24 .
**Prisons** 12:8, 25:10, 26:18, 30:5, 30:13, 31:10, 34:2 .
**PROBATION** 1:45, 9:12, 16:22, 21:17, 26:5, 26:8, 31:14, 31:25, 32:5 .
**problem** 32:9 .

problems 27:10, 27:16 .
proceed 5:21, 6:1, 18:19, 19:6, 19:21, 21:24, 30:21 .
proceeded 13:19 .
proceeding 11:3, 21:22, 22:2, 22:5, 26:15, 33:17 .
Proceedings 1:20, 5:10, 7:20, 34:17, 35:6 .
produce 5:6 .
produced 5:12 .
progeny 5:5 .
prohibited 23:1, 29:3 .
promise 26:12 .
promises 17:7 .
promote 23:24 .
proof 10:9 .
properly 20:22 .
proportionate 27:21 .
proposed 32:21 .
prosecution 5:11, 6:10, 13:6 .
protect 28:1, 29:14 .
protection 15:17 .
prove 8:17, 10:8 .
proven 13:20 .
provide 23:24, 28:1, 29:20 .
provided 17:22 .
provisions 16:12 .
PSR 24:12 .
PT92 14:7, 16:13 .
public 22:4, 28:2, 29:15 .
pull 31:25, 32:2 .
punisher. 15:7 .
punishment 23:24 .
purposes 22:14, 24:2, 24:20, 28:17 .
pursuant 11:19, 12:6, 15:9, 20:5, 35:5 .
put 3:11, 19:14, 21:14, 26:17 .
.
< Q > .
query 14:9 .
questions 3:7, 6:5, 6:9, 17:19, 24:3 .
quickly 26:12 .
.
< R > .
raise 2:9, 3:8 .
range 11:13, 20:4, 21:19,

30:8 .
rather 5:21 .
read 3:19, 7:1, 7:4, 7:8, 8:3, 8:12, 13:11, 14:16, 14:25, 31:16 .
reads 32:10 .
ready 4:6, 25:17 .
really 11:23, 20:11 .
Realtime 35:3 .
reason 31:20 .
reasonable 10:8, 13:20, 33:9 .
Reasons 24:3, 27:17, 28:3, 34:1 .
receive 20:14, 33:10 .
received 23:13 .
recently 7:13 .
recess 34:16 .
recidivism 27:24 .
recommend 12:18 .
recommendation 27:1, 30:2, 30:5 .
recommended 31:21 .
record 3:13 .
record. 21:25 .
recorded 15:4 .
records 25:21 .
recovered 15:9 .
reduction 11:21, 11:22, 20:6 .
reentry 20:15, 21:13, 23:8, 23:14, 24:16 .
reflect 23:23 .
reflected 24:12 .
regard 25:6, 25:20, 27:19 .
regardless 21:19 .
region 29:6 .
Registered 35:2 .
regulations 35:8 .
reject 12:11, 12:12 .
release 9:3, 9:9, 9:10, 9:16, 12:10, 24:13, 30:14, 30:18, 30:20, 30:24, 31:9 .
released 24:13, 25:9, 25:17, 27:23, 33:11 .
remain 33:24 .
reminder 5:3 .
removal 6:20 .
repeat 19:9 .
report 16:25, 18:24, 19:5, 19:20, 19:24, 20:13, 30:24, 31:8, 31:13 .

reported 14:10 .
Reporter 35:1, 35:2, 35:3, 35:17 .
representation 8:8 .
request 13:5, 28:3, 29:22 .
require 10:24 .
required 28:8 .
requirements 5:6 .
reserve 26:15 .
residency 6:18 .
respect 5:17, 22:16, 23:24, 24:7, 25:4 .
responded 15:6 .
responsibility 11:21, 20:7 .
restitution 32:16 .
result 5:7, 29:4 .
resume 22:4 .
returned 9:14 .
revealed 14:9 .
review 8:13, 32:4 .
reviewed 8:4, 8:6, 30:15 .
rights 9:19, 11:1, 11:6, 11:10, 13:2, 13:4, 14:18, 33:21 .
rise 34:16 .
RMR 35:16 .
rounds 14:9, 16:15 .
Rule 12:6 .
.
.
< S > .
safer 30:20 .
SAG-20-0311 2:20 .
Salvador 27:8, 28:20 .
satisfied 4:13, 8:8, 17:25 .
says 8:2 .
school 6:22 .
Schuylkill 30:2 .
Sealed 1:12, 8:3, 21:21, 21:24, 21:25 .
search 13:23, 13:25, 14:2, 14:3, 15:9, 23:11 .
seated 2:3, 4:25, 10:4 .
second 32:2 .
seeking 29:23 .
seems 20:17, 30:20 .
seized 14:11, 14:13, 16:15, 32:19 .
seizure 13:23, 14:2 .
selected 10:1 .
semiautomatic 14:7, 16:14,

32:18 .
sentenced 4:1 .
Sentencing 1:21, 2:23, 9:5, 11:13, 12:4, 12:17, 18:20, 19:7, 19:21, 20:3, 22:2, 22:14, 28:17, 29:16, 30:6, 30:8, 34:1 .
serial 14:8, 16:14 .
serious 5:7, 22:24, 23:22, 27:20, 29:8 .
seriousness 23:5, 23:23 .
serve 9:14, 27:25 .
served 24:22, 26:2 .
set 5:4, 9:13, 28:14 .
Several 14:11, 17:18 .
severity 27:21 .
share 32:3 .
showed 15:8 .
side 20:25 .
sign 5:15, 33:25 .
signature 7:24, 8:2 .
signed 5:25 .
significant 27:21, 29:7, 29:9 .
signing 32:17 .
simply 20:4, 21:19 .
Sir 4:10 .
situation 30:18 .
Smith 1:39 .
sold 15:12, 15:15 .
somehow 33:16 .
someone 17:10 .
Sorry 24:14, 32:7 .
sound 21:16 .
South 1:30 .
Spanish 2:4, 7:2, 15:4, 19:11 .
special 9:4, 30:23, 31:4, 31:7, 33:6 .
specific 10:2, 12:2, 25:9, 29:13 .
Specifically 8:5, 8:20, 23:25 .
specified 15:23 .
speedy 30:1 .
spend 33:12 .
spent 24:24 .
spoken 17:16 .
spring 14:6 .
stage 3:5 .
Stand 2:9, 3:8 .
standard 30:15, 31:11, 31:23 .
standing 25:23 .
stands 34:16 .

started 26:9 .
starting 20:1 .
state 2:11, 3:12, 11:8, 13:23, 16:21, 23:12, 24:10, 32:23 .
stated 14:17 .
Statement 6:11, 22:9, 25:3, 26:25, 33:25 .
States 1:1, 1:5, 1:29, 2:19, 2:21, 6:13, 6:20, 8:17, 9:12, 18:10, 23:2, 28:15, 35:3, 35:9 .
Station 14:22 .
status 6:18, 11:7, 23:2, 29:4 .
statute 28:17 .
statutory 21:2 .
stenographically-reported 35:6 .
stenotype 1:49 .
STEPHANIE A. GALLAGHER 1:22 .
stipulate 13:18 .
stipulates 15:18 .
stipulation 8:6, 13:10, 13:12, 22:17, 23:12 .
stolen 14:10, 22:18, 22:25, 29:2 .
stomachaches 27:14 .
straightened 19:13 .
Street 1:30 .
strike 10:4 .
subject 11:6 .
submitted 32:21 .
subpoena 10:14 .
substance 3:20, 8:21, 14:20 .
substantial 27:17 .
suffer 27:12 .
suffered 27:9, 27:15 .
sufficient 13:12, 13:14, 15:25, 22:13, 24:5, 28:16 .
sufficiently 23:17 .
suggest 23:17 .
Suite 1:39 .
summarize 13:11 .
superseding 2:24, 3:19, 4:16, 8:15 .
Supervised 9:3, 9:9, 9:10, 9:11, 9:16, 12:10, 30:14, 30:18, 30:20, 30:24 .
supervision 21:8, 21:10 .
Supplement 8:3 .
support 23:4, 33:10 .

supported 18:15 .
supposed 15:12 .
sustained 23:12 .
swear 2:8 .
switching 19:1 .
sworn. 2:10, 3:10 .
.
< T > .
talked 17:6, 29:21 .
task 14:22 .
Taurus 14:7, 16:13, 32:18 .
telephones 14:11 .
tend 21:6 .
term 9:10, 9:14, 9:16, 11:18, 12:10, 30:14 .
terms 8:13, 28:25 .
testify 10:14, 10:15, 10:16, 10:17, 10:18, 10:20 .
THA11335 14:8, 16:14 .
Thereafter 14:17 .
third 11:22, 20:8 .
though 21:18, 24:20 .
threatened 17:9 .
three 20:15, 20:16 .
timely 5:7 .
today 3:15, 6:1, 6:6, 7:20, 18:20, 19:7, 19:21, 34:10 .
tomorrow 33:3 .
took 21:8 .
total 6:24 .
trafficking 4:19, 8:16, 8:20, 8:23, 13:25, 22:20, 22:24, 23:22, 29:6, 29:13 .
tragic 27:5 .
training 29:21 .
TRANSCRIPT 1:20, 35:6, 35:7 .
transcription 1:49 .
translation 2:4 .
translator 7:8 .
transpired 25:2 .
treated 7:13 .
treatment 29:21, 29:22 .
trial 9:22, 9:25, 10:10, 10:15, 10:21, 10:23, 10:24, 11:3, 13:19 .
troubling 22:25 .
true 8:10, 13:16, 16:6, 35:5 .
truthful 16:23 .
try 26:11 .

Turning 16:11, 20:12, 23:6 .
twice 4:1 .
Two 6:23, 6:24, 14:23, 15:15, 20:14, 25:11 .
two-level 11:20, 20:6, 21:9 .
typically 30:21 .
.
< U > .
U.S. 1:45, 27:4, 27:6 .
ultimate 20:20 .
Ultimately 33:8 .
unanimously 10:5 .
uncertainty 25:19 .
understand 3:23, 4:10, 6:5, 6:8, 6:17, 7:10, 7:20, 8:5, 8:24, 9:6, 9:17, 11:9, 11:12, 11:25, 12:15, 13:1, 13:7, 16:18, 17:3, 18:19, 19:4, 19:6, 19:20, 20:7, 20:18, 24:6, 25:2, 29:11, 32:11 .
understands 4:13 .
understood 4:9, 14:18, 15:1 .
United 1:1, 1:5, 1:29, 2:19, 2:20, 6:13, 6:20, 8:17, 9:11, 18:10, 23:2, 28:14, 35:3, 35:9 .
unlawful 29:12, 33:16, 33:19 .
unless 12:24, 15:22, 24:3, 31:15 .
unqualified 10:3 .
until 26:15 .
unwarranted 29:16 .
.
< V > .
v. 5:5 .
vacating 5:10 .
valuable 11:5 .
various 27:9, 27:15 .
vehicle 23:9 .
verdict 10:22 .
versus 2:19, 18:10 .
victims 22:7 .
violate 9:13, 16:21 .
violation 8:17 .
violence 29:7 .
volume 19:15 .
voluntarily 8:5 .
voluntary 18:14 .
vs 1:8 .
.

< W > .
wait 19:12 .
waive 18:24, 19:6, 19:21 .
waived 33:18, 33:20 .
waiver 5:25 .
waiving 12:21, 12:23, 13:1, 13:4 .
war 27:7 .
warnings 14:17, 14:25, 15:1 .
warrant 13:23, 13:24, 14:2, 14:3, 15:9, 23:11 .
warrants 29:9 .
Washington 1:38 .
weapon 4:20 .
Weaver 1:46, 2:12, 19:3, 32:10 .
week 15:15 .
weekly 15:13 .
whatever 26:6 .
whatsoever 12:22 .
whether 4:9, 15:5, 22:3, 25:11, 26:16, 32:22, 33:20 .
Whichever 31:18 .
whole 8:12 .
wish 4:15, 6:1, 8:7, 18:19, 18:23, 19:6, 19:20, 22:7, 28:9, 33:12, 33:22 .
wished 10:13, 10:17 .
wit 15:11 .
withdraw 12:13, 12:14, 16:25 .
within 33:23 .
without 9:23, 14:18, 15:2 .
witnesses 10:12, 10:13, 10:14, 10:15 .
word 8:13 .
work 11:25 .
worker 28:22 .
works 9:17, 12:15 .
write 7:1, 7:4 .
.
< Y > .
year 3:17 .
years 6:23, 6:24, 9:3, 23:7, 27:22, 28:19, 30:14 .
.
< Z > .
ZOGBY 1:46, 2:13, 19:14, 19:17, 32:7 .